# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

JAIDEN POAG-DART,

 Plaintiff,

v.           CASE NO.: 8:26-cv-01782

HOOTERS OF BRANDON, INC.,

 Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JAIDEN POAG-DART, (hereinafter "Plaintiff" or "Ms. Poag-Dart"), a Florida resident, by and through the undersigned counsel, hereby files this Complaint and Demand for Jury Trial against Defendant, HOOTERS OF BRANDON, INC. (hereinafter "Defendant" or "Hooters"), and alleges the following:

## JURISDICTION AND VENUE

1. This is an action for damages under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et al* ("ADA") for discrimination based on disability or perceived disability.

2.     In this civil action Plaintiff has also brought claims against her former employer for monetary damages, declaratory relief, and for other equitable relief pursuant to the Florida Civil Rights Act ("FCRA") § 760.01, *et al*.

3.     This Court has jurisdiction over Plaintiff's ADA claims under 28 U.S.C. §§ 1331 and 1343.

4.     This Court has jurisdiction over Plaintiff's FCRA claims under 28 U.S.C. § 1367.

5.     Venue is appropriate in the Middle District of Florida because the events giving rise to the cause of action occurred in Hillsborough County, Florida.

## PARTIES

6.     Plaintiff, JAIDEN POAG-DART, is a resident of Hillsborough County, Florida.

7.     Defendant, HOOTER OF BRANDON, INC., is a Florida Profit Corporation principally located at 107 Hampton Road, Suite 200, Clearwater, Florida 33579.

8.     At all times material, Plaintiff worked for Defendant at its branch located at 10023 E Adamo Drive, Tampa, Florida 33619.

9.     Defendant is subject to the jurisdiction of this Court as it conducted business in this District and hired Plaintiff to work in this District.

2

10. Ms. Poag-Dart has satisfied all prerequisites necessary to bring her claims for disability discrimination in this cause of action.

## GENERAL ALLEGATIONS

11. Jaiden Poag-Dart is a disabled female who suffers from Diabetes.

12. On September 4, 2025, Hooters hired Ms. Poag-Dart as a server at its North Tampa location.

13. On January 11, 2026, Hooters transferred Ms. Poag-Dart to its Brandon location.

14. Ms. Poag-Dart excelled in her role and became the top server in sales out of approximately 50 servers at the Brandon location.

15. On February 20, 2026, Windor LNU (Manager) assigned Ms. Poag-Dart to closing duties, which included stacking and organizing chairs.

16. While Ms. Poag-Dart was stacking the chairs, she experienced symptoms of low blood sugar related to her Diabetes, including loss of strength, loss of energy, lightheadedness, and chills.

17. Ms. Poag-Dart informed Mr. Windor of her condition and showed him her Dexcom—a continuous glucose monitoring medical device linked to her phone—which confirmed her low blood sugar levels.

18. Ms. Poag-Dart then requested a reasonable accommodation to take a brief break from stacking chairs to address her symptoms.

3

19.     However, Mr. Windor denied her request and directed her to continue stacking chairs as best she could given her low blood sugar levels.

20.     After completing her assigned tasks, Ms. Poag-Dart expressed her disappointment to Mr. Windor for refusing to accommodate her medical needs. In response, Mr. Windor laughed dismissively and stated that he couldn't give her a break because doing so would constitute favoritism toward her over the other servers.

21.     On February 23, 2026, Dan Babbitt (VP of Human Resources) emailed Ms. Poag-Dart to inquire about the events of February 20, 2026.

22.     Mr. Babbitt had mistakenly thought that Ms. Poag-Dart's need for a break was related to a back issue.

23.     Ms. Poag-Dart clarified that her symptoms were caused by Diabetes-induced low blood sugar, and she complained about Mr. Windor's refusal to provide her with an accommodation by allowing her to take a short break and eat something to address her low blood sugar.

24.     Moreover, Ms. Poag-Dart requested a reasonable accommodation allowing her to take short breaks in the future when she experienced symptoms related to her disability.

25.    Mr. Babbitt approved of Ms. Poag-Dart's accommodation request and stated he would notify management to permit her to take breaks when her condition required it.

26.    On March 22, 2026, Ms. Poag-Dart served a table of six Spanish-speaking customers who appeared pleased with her service throughout their meal.

27.    Upon presenting the bill of $151.00, Ms. Poag-Dart received a $9.00 tip, representing a 6% tip.

28.    When she returned to the table, Ms. Poag-Dart politely asked the customers if there was anything she could have done better to serve them, referencing the tip amount.

29.    The customers then clarified that they had mistakenly believed the gratuity was included in the bill, and in recognition of her excellent service, provided an additional $20.00 cash tip.

30.    The following day, on March 23, 2026, Ms. Poag-Dart received a phone call from John McVicker (General Manager) about her interactions with the customers from the day before.

31.    Mr. McVicker informed Ms. Poag-Dart that the customers had allegedly complained about her behavior because she asked for a tip.

32.    Mr. McVicker also told Ms. Poag-Dart that her behavior could have resulted in a bad Yelp review, which could have harmed the company's reputation.

33.    Mr. McVicker then terminated Ms. Poag-Dart from her position.

34.    Notably, Ms. Poag-Dart did not receive a negative online review from the customers.

35.    Moreover, Hooters did not terminate Ms. Poag-Dart's non-disabled counterparts including Hannah LNU and Julie LNU even though customers posted negative Google Maps reviews regarding their service in the past three months in which both Hannah and Julie were identified by name in reference to poor service.

36.    Ms. Poag-Dart has incurred attorney's fees and costs in filing this claim.

## COUNT I
## VIOLATION OF THE ADA
## FOR FAILURE TO PROVIDE A REASONABLE ACCOMODATION
## & ENGAGE IN THE INTERACTIVE PROCESS IN GOOD FAITH

37.    Plaintiff, JAIDEN POAG-DART, incorporates by reference the allegations set forth in paragraphs one (1) through thirty-six (36) as if set forth herein in full.

38.    The Americans with Disabilities Act, 42 U.S.C. §12101, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's disability or perceived disability.

39.    The ADA requires employers to grant reasonable accommodations to the known mental or physical limitations of an otherwise qualified employee unless the employer can show the accommodation would impose an undue hardship on the operation of its business.

6

40. When an employee requests an accommodation, this triggers an interactive process to determine the appropriate accommodation in which the employee and employer must participate. 29 C.F.R. § 1630.2(o)(3).

41. An employer who fails to engage in the interactive process in good faith is liable for disability discrimination when there is a breakdown in communication that blocks or delays an accommodation.

42. During her employment with Defendant, Ms. Poag-Dart suffered from Diabetes, which caused her to experience symptoms of low blood sugar, including loss of strength, loss of energy, lightheadedness and chills.

43. Plaintiff is a member of a protected class and protected by the ADA from discrimination based on her disability or perceived disability.

44. Defendant is an "employer" within the meaning of the ADA during the time of these allegations.

45. Plaintiff has satisfied all procedural and administrative requirements set forth in the ADA.

46. Ms. Poag-Dart was qualified for her job and was able to perform all essential functions of her job with a reasonable accommodation.

47. Hooters failed to provide a reasonable accommodation and failed to engage in the interactive process in good faith when Ms. Poag-Dart asked for a brief

break from stacking chairs and an opportunity to drink some juice because she was suffering from hypoglycemia related to her underlying disability.

48.    The discriminatory conduct described herein demonstrates Defendant's failure to provide Ms. Poag-Dart with a reasonable accommodation and its refusal to engage in the interactive process with Ms. Poag-Dart in good faith. Defendant's actions violated the ADA and are a form of discrimination against Ms. Poag-Dart based on her disability.

49.    Defendant's actions in refusing to provide her a reasonable accommodation were reckless, willful, and malicious.

50.    Defendant's actions in refusing to engage in the interactive process in good faith were reckless, willful, and malicious.

51.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered a loss of employment, loss of compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, embarrassment, and damage to her professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Plaintiff, JAIDEN POAG-DART, demands entry of a Final Judgment against Defendant for the following:

A.    An award of Back Pay damages;

B.    An award of Front Pay damages;

C.      Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D.      Prejudgment interest;

E.      An award of Punitive damages;

F.      Reasonable attorney's fees and costs; and

G.      All such other relief as the Court deems just, equitable and appropriate.

**COUNT II**
**VIOLATION OF THE ADA**
**DISCRIMINATION RESULTING IN**
**ADVERSE EMPLOYMENT ACTION**
**ON THE BASIS OF DISABILITY**

52.      Plaintiff, JAIDEN POAG-DART, incorporates by reference the allegations set forth in paragraphs one (1) through thirty-six (36) as if set forth herein in full.

53.      The Americans with Disabilities Act, 42 U.S.C. §12101, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's disability or perceived disability.

54.      During her employment with Defendant, Ms. Poag-Dart suffered from Diabetes, which caused her to experience symptoms of low blood sugar, including loss of strength, loss of energy, lightheadedness and chills.

55.      Plaintiff is a member of a protected class and protected by the ADA from discrimination based on her disability or perceived disability.

56. Defendant is an "employer" within the meaning of the ADA during the time of these allegations.

57. Plaintiff has satisfied all procedural and administrative requirements set forth in the ADA.

58. Ms. Poag-Dart was qualified for her job and was able to perform all essential functions of her job.

59. On March 23, 2026, Defendant terminated Ms. Poag-Dart from her position because of her disability or perceived disability.

60. Defendant's actions in terminating Ms. Poag-Dart because of her disability were reckless, willful, and malicious.

61. As a direct and proximate result of Defendant's actions, Plaintiff has suffered a loss of employment, loss of compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, embarrassment, and damage to her professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Plaintiff, JAIDEN POAG-DART, demands entry of a Final Judgment against Defendant for the following:

A. An award of Back Pay damages;

B. An award of Front Pay damages;

10

C.    Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D.    Prejudgment interest;

E.    An award of Punitive damages;

F.    Reasonable attorney's fees and costs; and

G.    All such other relief as the Court deems just, equitable and appropriate.

## COUNT III
### VIOLATION OF THE ADA
### RETALIATION FOR ENGAGEMENT IN PROTECTED ACTIVITY
### RESULTING IN ADVERSE EMPLOYMENT ACTION
### ON THE BASIS OF DISABILITY

62.    Plaintiff, JAIDEN POAG-DART, incorporates by reference the allegations set forth in paragraphs one (1) through thirty-six (36) as if set forth herein in full.

63.    Plaintiff is a member of a protected class under the ADA.

64.    Plaintiff engaged in protected activity under the ADA when she requested an accommodation that permitted her to take brief breaks if she was experiencing hypoglycemia to address her symptoms of low blood sugar related to her underlying disability.

65.    Defendant retaliated against Ms. Poag-Dart for engaging in a protected activity under the ADA by terminating her after she disclosed her disability and

11

requested a reasonable accommodation to take a brief break to address her symptoms.

66.    Defendant's actions were reckless, willful and done with malice.

67.    As a direct, proximate and foreseeable result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, loss of benefits, inconvenience, embarrassment, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages. These damages have occurred in the past, are permanent and continuing.

**WHEREFORE**, Plaintiff, JAIDEN POAG-DART, demands entry of a Final Judgment against Defendant for the following:

A.    An award of Back Pay damages;

B.    An award of Front Pay damages;

C.    Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D.    Prejudgment interest;

E.    An award of Punitive damages;

F.    Reasonable attorney's fees and costs; and

G.    All such other relief as the Court deems just, equitable and appropriate.

## COUNT IV
## VIOLATION OF THE FCRA

12

**FOR FAILURE TO PROVIDE A REASONABLE ACCOMODATION
& ENGAGE IN THE INTERACTIVE PROCESS IN GOOD FAITH**

68.    Plaintiff, JAIDEN POAG-DART, incorporates by reference the allegations set forth in paragraphs one (1) through thirty-six (36) as if set forth herein in full.

69.    The Florida Civil Rights Act of 1992, Fla. Stat. § 760.01, et seq. ("FCRA") makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's disability.

70.    The FCRA closely mirrors the language of the ADA with respect to unlawful discrimination based on a person's disability.

71.    Employers are required to grant reasonable accommodations to the known mental or physical limitations of an otherwise qualified employee unless the employer can show the accommodation would impose an undue hardship on the operation of its business.

72.    When an employee requests an accommodation, this triggers an interactive process to determine the appropriate accommodation in which the employee and employer must participate.

73.    An employer who fails to engage in the interactive process in good faith is liable for disability discrimination when there is a breakdown in communication that blocks or delays an accommodation.

13

74. During her employment with Defendant, Ms. Poag-Dart suffered from Diabetes, which caused her to experience symptoms of low blood sugar, including loss of strength, loss of energy, lightheadedness and chills.

75. Plaintiff is a member of a protected class and protected by the FCRA from discrimination based on her disability or perceived disability.

76. Defendant is an "employer" within the meaning of the FCRA during the time of these allegations.

77. Plaintiff has satisfied all procedural and administrative requirements set forth in the FCRA.

78. Ms. Poag-Dart was qualified for her job and was able to perform all essential functions of her job with a reasonable accommodation.

79. Hooters failed to provide a reasonable accommodation and failed to engage in the interactive process in good faith when Ms. Poag-Dart asked for a brief break from stacking chairs and an opportunity to drink some juice because she was suffering from hypoglycemia related to her underlying disability.

80. The discriminatory conduct described herein demonstrates Defendant's failure to provide Ms. Poag-Dart with a reasonable accommodation and its refusal to engage in the interactive process with her in good faith. Defendant's actions violated the FCRA and are a form of discrimination against Ms. Poag-Dart based on her disability.

14

81. Defendant's actions in refusing to provide her a reasonable accommodation were reckless, willful, and malicious.

82. Defendant's actions in refusing to engage in the interactive process in good faith were reckless, willful, and malicious.

83. As a direct and proximate result of Defendant's actions, Plaintiff has suffered a loss of employment, loss of compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, embarrassment, and damage to her professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Plaintiff, JAIDEN POAG-DART, demands entry of a Final Judgment against Defendant for the following:

A. An award of Back Pay damages;

B. An award of Front Pay damages;

C. Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D. Prejudgment interest;

E. An award of Punitive damages;

F. Reasonable attorney's fees and costs; and

G. All such other relief as the Court deems just, equitable and appropriate.

**COUNT V**
**VIOLATION OF THE FCRA**

15

## DISCRIMINATION RESULTING IN
## ADVERSE EMPLOYMENT ACTION
## ON THE BASIS OF DISABILITY

84.    Plaintiff, JAIDEN POAG-DART, incorporates by reference the allegations set forth in paragraphs one (1) through thirty-six (36) as if set forth herein in full.

85.    The Florida Civil Rights Act of 1992, Fla. Stat. § 760.01, et seq. ("FCRA") makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's disability.

86.    During her employment with Defendant, Ms. Poag-Dart suffered from Diabetes, which caused her to experience symptoms of low blood sugar, including loss of strength, loss of energy, lightheadedness and chills.

87.    Plaintiff is a member of a protected class and protected by the FCRA from discrimination based on her disability or perceived disability.

88.    Defendant is an "employer" within the meaning of the FCRA during the time of these allegations.

89.    Plaintiff has satisfied all procedural and administrative requirements set forth in the FCRA.

90.    Ms. Poag-Dart was qualified for her job and was able to perform all essential functions of her job.

16

91. On March 23, 2026, Defendant terminated Ms. Poag-Dart from her position because of her disability or perceived disability.

92. Defendant's actions in terminating Ms. Poag-Dart because of her disability were reckless, willful, and malicious.

93. As a direct and proximate result of Defendant's actions, Plaintiff has suffered a loss of employment, loss of compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, embarrassment, and damage to her professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Plaintiff, JAIDEN POAG-DART, demands entry of a Final Judgment against Defendant for the following:

A.     An award of Back Pay damages;

B.     An award of Front Pay damages;

C.     Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D.     Prejudgment interest;

E.     An award of Punitive damages;

F.     Reasonable attorney's fees and costs; and

G.     All such other relief as the Court deems just, equitable and appropriate.

## COUNT VI
## VIOLATION OF THE FCRA

17

**RETALIATION FOR ENGAGEMENT IN A PROTECTED ACTIVITY
RESULTING IN ADVERSE EMPLOYMENT ACTION
ON THE BASIS OF DISABILITY**

94.    Plaintiff, JAIDEN POAG-DART, incorporates by reference the allegations set forth in paragraphs one (1) through thirty-six (36) as if set forth herein in full.

95.    Plaintiff is a member of a protected class under the FCRA.

96.    Plaintiff engaged in protected activity under the FCRA when she requested an accommodation that permitted her to take brief breaks if she was experiencing hypoglycemia to address her symptoms of low blood sugar related to her underlying disability.

97.    Defendant retaliated against Ms. Poag-Dart for engaging in a protected activity under the ADA by terminating her after she disclosed her disability and requested a reasonable accommodation to take a brief break to address her symptoms.

98.    Defendant's actions were reckless, willful and done with malice.

99.    As a direct, proximate and foreseeable result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, loss of benefits, inconvenience, embarrassment, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with

18

lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages. These damages have occurred in the past, are permanent and continuing.

**WHEREFORE**, Plaintiff, JAIDEN POAG-DART, demands entry of a Final Judgment against Defendant for the following:

A.      An award of Back Pay damages;

B.      An award of Front Pay damages;

C.      Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D.      Prejudgment interest;

E.      An award of Punitive damages;

F.      Reasonable attorney's fees and costs; and

G.      All such other relief as the Court deems just, equitable and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Dated this 18th day of June, 2026.

Respectfully submitted by:

*/s/ Gary L. Printy, Jr., Esq.*
Gary L. Printy, Jr., Esq.
Florida Bar No. 41956
**THE PRINTY LAW FIRM**
5407 N Florida Ave
Tampa, Florida 33604
Telephone (813) 434-0649
Fax (813) 423-6543

garyjr@printylawfirm.com
e-service@printylawfirm.com
*Lead Counsel for Plaintiff*